## Ericsson Estate

*Maxwell Strawbridge* and *Franklin C. Hutchinson*, for accountant.

*David E. Groshens*, for guardian of Moritz Levinson, and *Julian W. Barnard* and *Leon H. Fox*, for other legatees.

*Jesse W. Beeghley*, p. p., guardian ad litem for Myra Ericsson (minor).

VAN RODEN, P. J. (specially presiding), March 21, 1955.—Decedent died, a widow and unmarried, April 9, 1952, leaving a will bearing date July 3, 1946, duly probated on April 18, 1952, on which the present letters were granted to the accountant, who was appointed sole executor.

By her will testatrix made bequests of $200 each to her grandchildren, Betty Rosenstein, Virginia Rosenstein, Marcia Ericsson, Ashley Ericsson, Stanley Ericsson, and Myra Ericsson; and $200 unto her nephew, Jack Cherkis, conditioned upon the discovery

of his whereabouts by the executor within six months after her decease. The executor has been unable to discover his whereabouts and this last mentioned legacy therefore has lapsed. Decedent bequeathed unto her son, Joseph, one of her diamond earrings and unto her granddaughter, Myra Ericsson, the other diamond earring, and bequeathed unto her granddaughter, Marcia Ericsson, her butterfly brooch and ring with fly design.

Decedent bequeathed her residuary estate unto her "son, Joseph, his heirs and assigns forever".

The court is assured that all parties in interest have had actual notice of the filing of the account and of the time and place of audit.

In this connection it is noted that decedent's son, Joseph, predeceased her on January 18, 1948, survived by his widow, Rena Ericsson, and by one son, Moritz Matthew Ericsson. The widow subsequently married one D. Levinson. On March 1, 1951, Moritz was adopted in Ohio by his mother's new husband. However, this adoption was vacated, set aside and annulled by the Ohio court by decree dated December 20, 1954.

Moritz Matthew Levinson (Ericsson) is a minor, and by decree of this court dated July 21, 1953, the Montgomery Norristown Bank and Trust Company was appointed guardian of his estate.

In addition, testatrix was survived by her grandchildren named as legatees in her will as above set forth, and they are still living. Myra Ericsson is a minor for whose benefit Jesse E. Beeghley, Jr., a member of the bar of this court, was appointed guardian ad litem by decree of this court.

It is averred that decedent did not marry after the execution of her will and there were no children born to or adopted by her thereafter.

The inheritance tax due the Commonwealth of Pennsylvania has been paid as indicated by the certificate of the deputy register of wills submitted to the court for inspection at the time of audit.

On September 27, 1952, Stanley E. Ericsson, a grandchild of testatrix, filed an appeal from the probate of the will alleging lack of testamentary capacity, undue influence and improper execution.

By a writing dated April 30, 1954, all of the parties entitled under the will and the next-of-kin of testatrix agreed to a compromise of the appeal. This agreement provided, inter alia, for the payment of $500 to the Norristown Jewish Center Cemetery Fund for the perpetual care and maintenance of the Ericsson family burial lot, and that the balance for distribution be awarded as follows: $1,200 to each of the six named grandchildren, and the balance of principal and all income to the guardian of the estate of Moritz Matthew Ericsson. This court entered a decree authorizing the guardian ad litem for Myra Ericsson, a minor granddaughter of decedent, to join in this compromise agreement.

Thereafter, on July 13, 1954, the executor's account was called for audit. At that time the attorney for the accountant first became aware of the fact that on March 1, 1951, Moritz Matthew Ericsson had been adopted, as previously recited. A petition to reopen the audit was later filed by Stanley Ericsson, alleging that Moritz was not entitled to any distributive share by virtue of the adoption.

On January 11, 1955, at a hearing held in open court, it was stipulated that the audit be opened, that the compromise settlement be set aside, and the right of Moritz to inherit be determined by the court.

The fact of the adoption was not known by any of the parties participating in the compromise of the appeal from the probate of the will, nor was it made known to the court, until the petition to reopen the audit was filed and a citation thereon issued on August 3, 1954.

The initial question here involved is whether decedent's grandson, Moritz, is presently entitled to re-

ceive distribution of the residuary estate, or whether he has been precluded therefrom by the Ohio decree of adoption dated March 1, 1951.

Section 14(8) of the Wills Act of April 24, 1947, P. L. 89, 20 PS §180.14(8), will save from lapse a gift to a child who has predeceased testatrix, providing the beneficiary shall leave issue surviving testatrix. The entire clause reads as follows:

"Lapsed and void devises and legacies;—Substitution of issue. A devise or bequest to a child or other issue of the testator or to his brother or sister or to a child of his brother or sister whether designated by name or as one of a class shall not lapse if the beneficiary shall fail to survive the testator and shall leave issue surviving the testator but shall pass to such surviving issue who shall take per stirpes the share which their deceased ancestor would have taken had he survived the testator; Provided, That such a devise or bequest to a brother or sister or to the child of a brother or sister shall lapse to the extent to which it will pass to the testator's spouse or issue as a part of the residuary estate or under the intestate laws."

However, section 14(11) of this statute provides that for the purposes of the foregoing clauses of the section, the words "child" or "issue" shall include persons claiming by or through adoption.

Likewise, section 14(6) of the Wills Act of 1947 provides as follows:

"Adopted children. In construing a will making a devise or bequest to a person or persons described by relationship to the testator or to another, any person adopted before the death of the testator shall be considered the child of his adopting parent or parents and not the child of his natural parents: Provided, That if a natural parent shall have married the adopting parent before the testator's death, the adopted person shall also be considered the child of such natural parent."

Similarly, section 8 of the Intestate Act of April 24, 1947, P. L. 80, 20 PS §1.8, provides as follows:

"For purposes of descent by, from and through an adopted person he shall be considered the issue of his adopting parent or parents and not the issue of his natural parents: Provided, That if a natural parent shall have married the adopting parent, the adopted person for purposes of descent by, from and through him shall also be considered the issue of such natural parent."

Thus, there can be no doubt that if testatrix had made a gift directly in favor of her grandson, describing him by that relationship, a valid adoption prior to her own death would have precluded the adoptee from receiving the gift under the will. Likewise, if decedent had died intestate, a natural grandchild who was the subject of a valid adoption prior to decedent's death would not be entitled to inherit any part of her estate.

In the instant case, however, it is the contention that clause 8 of section 14 of the Wills Act of 1947 does not repeat verbatim the rules relating to adoption contained in other sections of the Wills Act as well as in the Intestate Act, and, therefore, it is argued that the legislature failed to provide that for the purpose of lapsed legacies an adopted child shall be considered the issue of his adopting parents and not the issue of his natural parents.

In our opinion such statutory construction is entirely too limited in its scope and produces an anomalous result which offends common sense and is also an unwarranted aspersion on the intelligence of the legislature.

Section 51 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §551, provides that the object of all interpretations and construction of wills is to ascertain and effectuate the intention of the legis-

lature. Section 52(1) of the Statutory Construction Act, 46 PS §552, requires the courts to presume that the legislature does not intend to obtain a result which is absurd.

Section 62 of the Statutory Construction Act, 46 PS §562, provides that laws or parts of laws are in pari materia when they relate to the same persons or things or to the same class or persons or things, and further provides that laws in pari materia shall be construed together, if possible, as one law.

When we consider that both the Intestate Act of 1947 and the Wills Act of 1947 were enacted by the legislature on the same date, April 24, 1947, and both relate to the devolution of property belonging to decedent's estates, it is difficult to avoid the conclusion that these two laws are in pari materia and should therefore be construed together, if possible, as one law. It is inconceivable that the legislature intended to confer upon adopted persons full rights of inheritance from or through their adopted parents and to cut them off from all rights of inheritance from or through their natural parents, excepting only the uncommon situation of lapsed legacies.

In our opinion the only sensible construction of clause 11 of section 14 of the Wills Act of 1947 requires us to hold that a valid adoption of Moritz prior to the death of testatrix would have effectively precluded him from sharing in her estate.

However, in the instant case, we believe that the decree of the Ohio court dated December 20, 1954, which vacated, set aside and annulled the adoption decree of March 1, 1951, rendered such adoption decree null and void and completely nugatory. To hold otherwise would amount to a collateral attack on the decree of a sister State. Under the Constitution of the United States we are required to give full faith and credit to the decree of the Ohio court. Any party in

interest who is dissatisfied with such Ohio decree must seek redress in the courts of Ohio, but cannot collaterally attack the Ohio decree in the instant proceeding. In the absence of a direct attack in Ohio on the decree of December 20, 1954, this court is bound to hold that there exists no valid adoption of Moritz Matthew Ericsson by his stepfather, D. Levinson.

Consequently, Moritz is presently entitled to recognition as the lawful issue of Joseph Ericsson, decedent's predeceased son, and is further entitled to that portion of decedent's estate which she devised and bequeathed unto her son, Joseph, which gift was saved from lapse in favor of lawful issue by clause 8 of section 14 of the Wills Act of 1947.

The account shows a balance for distribution of $21,845.13, which is composed of a deed for burial lot valued at $1.00, miscellaneous old jewelry valued at $1.00, and cash.

Petitioner avers that there are no unpaid claims against the estate of which he has notice or knowledge except the claim of the Norristown Jewish Community Center in the sum of $100 for balance due on memorial plate at synagogue, and also, the claim of Nick Carbo, in the sum of $85 for sodding grave and care of burial lot.

Both claims are admitted by the accountant to be due and in the absence of any objection thereto are hereby allowed by the court to the extent hereinabove set forth and the accountant is hereby directed to pay same out of the assets of decedent's estate and additional credit is hereby allowed unto him therefor.

As requested, and in the absence of any objection thereto Julian W. Barnard, Esq., is hereby allowed the sum of $89 for reimbursement for costs expended by him in connection with the appeal from probate, and the accountant is hereby directed to pay same out of

the assets of decedent's estate, and additional credit is hereby allowed unto him therefor.

As requested at the time of audit, and in the absence of any objection thereto, there is awarded unto Maxwell Strawbridge and Franklin C. Hutchinson, Esqs., counsel for accountant, an additional counsel fee in the sum of $500, and the accountant is hereby directed to pay same out of the assets of decedent's estate, and additional credit is hereby allowed unto him therefor.

Jesse W. Beeghley, Esq., guardian ad litem for Myra Ericsson, is hereby allowed the sum of $500 as compensation for his services in connection with the present proceeding, and accountant is hereby directed to pay same out of the assets of decedent's estate, and additional credit is hereby allowed unto him therefor.

Counsel have informed the court that the agreement of compromise of the appeal from the probate of the will may be considered as remaining in full force and effect, and shall be taken into consideration by the court in making the award in this adjudication, and the stipulation that the agreement be set aside has been withdrawn.

It is also averred that decedent was not at the time of death a fiduciary in any other estate.

Conformably to the provisions of decedent's will, the petition for adjudication and the aforementioned compromise settlement, and the provisions expressed in this adjudication, subject to the additional credits hereinabove allowed, and subject to such distribution as may heretofore have properly been made, the accountant is directed to convey, transfer, assign, pay over and deliver unto:

Norristown Jewish Community Cemetery Fund, for perpetual care of Ericsson family burial lot, under provisions of compromise agreement ....................$  500.00

Betty Rosenstein Slade, granddaughter of decedent, legatee, and under the provisions of compromise agreement 1,200.00

Virginia Rosenstein Rosenberg, granddaughter of decedent, legatee, and under the provisions of compromise agreement ...................................... 1,200.00

Marcia Ericsson Frank, granddaughter of decedent, legatee, and under the provisions of compromise agreement 1,200.00

Guardian of the estate of Myra Ericsson, minor granddaughter of decedent, legatee, and under the provisions of compromise agreement (when duly appointed and qualified) ...................................... 1,200.00

Ashley Ericsson, grandson of decedent, legatee, and under the provisions of compromise agreement ............ 1,200.00

Stanley Ericsson, grandson of decedent, legatee, and under the provisions of compromise agreement ............ 1,200.00

Montgomery Norristown Bank and Trust Company, guardian of the estate of Moritz Matthew Levinson (Ericsson), minor grandson of decedent—

Entire balance of principal and income

And now, March 21, 1955, distribution may be made in kind and a schedule thereof is not required.